Frank Crossland v. The State.

No. 12205. Delivered January 16, 1929.

The opinion states the case.

*G. H. Crane* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for forgery; punishment, two years in the penitentiary.

This is rather a peculiar case. Appellant, a young man nineteen years old, wrote out a check for $10.00, signed the name of his uncle to it, took it to a groceryman near where his uncle lived and asked that it be cashed. Upon his endorsement and statement that it was the check of W. H. Crossland, the check was cashed. The groceryman who cashed it knew appellant well, and apparently knew that he was the nephew of the man whose name was signed to the check. The theory of appellant was that in a sale of some property prior to this transaction there was a balance due appellant's father by W. H. Crossland, and that on the day of this alleged forgery, appellant's mother, being in need of money, told him to go to see W. H. Crossland, his uncle, and endeavor to collect $10.00, and that if he could not do so, he was to make out a check and sign W. H. Crossland's name to it and get that amount of money for his mother. Appellant's mother testified to these facts in substance. She testified that she thought it would be all right for appellant to write this check, and that she intended for the check to go in on the indebtedness owed to her and her husband by W. H. Crossland. She said she had some little debts to pay, and that she would not have told appellant to write the check if his uncle had not owed the money. Appellant took the stand and testified he went to see his uncle on the occasion in

question and found nobody at home, and that he sat down there at his uncle's home and wrote the check in question; that he thought it would be all right for him to write the check; that he knew the groceryman where he cashed the check, and that it was all done openly. He testified that he knew when he signed the check that he was forging his uncle's name, but thought it would be all right as he owed them the money. He also testified that he did not know but that he had authority to sign this check, and that he would not have signed same unless his mother had told him to do it for her benefit. In this condition of the testimony we find in the court's charge the following instruction to the jury:

"I further instruct you that if you believe from the evidence that the defendant believed and had good reason for believing that his uncle, W. H. Crossland, was willing for him to sign his name to the check described in the indictment and that the same would be all right and without objection on the part of the said W. H. Crossland, and acting under that belief, if any such he had, he signed the name of W. H. Crossland to the check, then I instruct you that the defendant would not be guilty."

Bearing this in mind, we turn to the single bill of exceptions which appears in this record, duly approved by the trial judge without qualification. Same sets forth that when W. H. Crossland, prosecuting witness, was on the stand, he was asked the following question on cross-examination: "If the check as written by the defendant for the sum of $10.00 was really and truly intended by the defendant to represent the payment of money that the said W. H. Crossland owed the defendant's father and mother, then and in that event would the defendant have had the consent and permission, and it would have been all right for him to have written the check and cashed same?" and it is set out in the bill of exceptions that the said W. H. Crossland, if permitted, would have answered said question in the affirmative, but that upon objection being made by the State same was sustained and witness not permitted to answer. In our opinion in sustaining this objection the learned trial judge fell into error. If we comprehend the question asked it was, in substance, asking W. H. Crossland if it would have been with his consent and permission for defendant to have made the check in question and cashed it, if the defendant really and truly intended said check to represent that much money paid by W. H. Crossland on the debt due defendant's father and mother. It being established by the bill of exceptions that Crossland would have affirmed by his

answer that it would have so been, this seems to us competent to go to the jury on the question of the fraudulent intent of the accused in what he did. Such testimony would have been substantially in line with the issue submitted to the jury in the charge quoted. That part of the charge seemed based on the testimony of the appellant upon the point, and if proper to have same submitted as an issue based on his own testimony, we see no reason why the accused was not entitled to have such issue supported by the answer to the question which was rejected.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*